UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>    Petitioner,<br><br>  v.<br><br>NINTH CIRCUIT JUDGES, NINTH CIRCUIT PUBLIC DEFENDERS OFFICE,<br><br>    Respondent. | No. 1:23-cv-00691-HBK (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM AND FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

  Petitioner Antoine Deshawn Barnes ("Petitioner"), a state prisoner, is proceeding on his pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 docketed on April 20, 2023. (Doc. No. 1, "Petition"). This matter is now before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. For the reasons set forth below, the Court recommends that the Petition be DISMISSED without prejudice for failure to name a proper respondent, failure to state a cognizable habeas claim, and failure to exhaust.

        **I. BACKGROUND**

  To the extent discernable, Petitioner seeks to "file hate crimes charges per Assembly Bill

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1

1947 on Judge John Oglesby," the Superior Court Judge who reviewed and denied Petitioner's state petition for writ of habeas corpus. (Doc. No. 1 at 3). More specifically, Petitioner accuses Judge Oglesby of racial profiling and abuse of authority for denying his state habeas petition. (*Id.*). Petitioner also claims, *inter alia*, that he "should be released due to the passage of Senate Bills 10, 1054, 81, and 1393, Assembly Bills 2942, 1509, and 483, Proposition 47 and the cases *Gamble v. United States* and *In re Gadlin*." (*Id.* at 8). Petitioner seeks appointment of a federal public defender per the "Rise Act." (*Id.* at 4). As relief, Petitioner asks "[t]o have [Ninth] Circuit Court release [him] on Senate Bill 1054 O.R. [sic] release to vacate 'all' enhancements, prison priors, apply new laws P.C. 1170.03, P.C. 1170.18." (*Id.* at 6).

## II. APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**A. Failure to Name Proper Respondent – Lack of Jurisdiction**

A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *see also*

*Stanley*, 21 F.3d at 360.  Alternatively, the chief officer in charge of penal institutions is also appropriate.  *Ortiz*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or correctional agency.  *Id*.

Here, Petitioner names "Ninth Circuit Judges" and the "Ninth Circuit Public Defender's Office" as respondents in this action.  (*See generally* Doc. No. 1).  Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  *Stanley*, 21 F.3d at 360; *Olson v. California Adult Auth.*, 423 F.2d 1326, 1326 (9th Cir. 1970); *see also Billiteri v. United States Bd. Of Parole*, 541 F.2d 938, 948 (2nd Cir. 1976).  The undersigned finds it would be futile to direct Petitioner to amend the Petition to name the proper respondent because, as discussed below, the Petition fails to state a cognizable habeas claim and Petitioner has not exhausted his state administrative remedies to the extent the Petition identifies any claim.

### B.  Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005

Here, it is clear that relief on Petitioner's claims would not lead to his immediate or earlier release.  *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," a habeas claim is not appropriate).  Petitioner does not appear to directly challenge his conviction or sentence.  Rather, the gravamen of the Petition asserts claims of racial profiling and abuse of discretion against a Superior Court Judge and seeks appointment of counsel.  (Doc. No. 1 at 3-4).  Thus, Petitioner's "claims" are clearly not cognizable via a petition for writ of habeas corpus.

Based on the foregoing, the undersigned recommends Petition be dismissed for failure to

state a cognizable claim, as it appears that no tenable claim for relief can be pleaded were such leave granted.

### C. Failure to Exhaust Administrative Remedies

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Here, the Petition does not include sufficient information as to whether the asserted grounds for relief were properly exhausted in the state courts. (Doc. No. 1 at 5). In the portion of the Petition that asks whether he appealed or sought review in the California Supreme Court, Petitioner cites only to his state petition for habeas corpus which was denied by the Superior Court Judge he accuses of discrimination and abuse of discretion and to the instant petition, which he initially filed with the Ninth Circuit and was subsequently transferred to this Court. (*Id*.; Doc. No. 2). If Petitioner has not sought relief in the California Supreme Court on any of his claims, the Court cannot proceed to the merits of his habeas claims. See 28 U.S.C. § 2254(b)(1). Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the California Courts Appellate Courts Case Information online database, which identifies no state supreme court cases filed and/or pending by Petitioner as of the date of these Findings and

Recommendation.[2] Because it appears Petitioner has failed to exhaust his claims, the undersigned recommends, in the alternative, that the district court dismiss the Petition because any grounds for relief are unexhausted. If Petitioner has presented any claim to the California Supreme Court, he should provide proof of this filing to the court in his objections to these Findings and Recommendation.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue

Accordingly, it is **ORDERED**:

The Clerk of Court shall assign this case to a district judge for the purposes of reviewing these findings and recommendations.

////

---

[2] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Antoine Barnes" and "Antoine Deshawn Barnes").

Further, it is **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED WITHOUT PREJUDICE for failure to state a cognizable claim and failure to exhaust administrative remedies.

2. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  June 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE